United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ALLEXHOLLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPITAL ALLIANCE INSTITUTIONAL MORTGAGE FUND, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-2339 CRB<br><br>**ORDER REMANDING TO STATE COURT** |

    Defendant U.S. Bank removed this case from state court on May 27, 2010. Plaintiff now moves to remand. Because argument would not aid the Court in deciding this motion, the hearing currently scheduled for August 6 has been VACATED. For the reasons that follow, this case is REMANDED to state court.

    The original complaint was filed in state court on April 16, 2009, and a first amended complaint was filed on April 30, 2010. Defendant sought to remove the case to federal court the next month, arguing that the complaint raised a federal question. Plaintiff explains that even if there were a federal question in this case—which she disputes—that federal question was apparent in the original complaint, filed on April 16, 2009. Therefore, Defendant's removal in May of 2010 occurred long after the 30-day window for removal closed. See 28 U.S.C. § 1446(b) (providing that removal "shall be filed within thirty days after the receipt

by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief").

Indeed, Defendant asserts as grounds for removal the fact that Plaintiff's complaint "arises under the Truth in Lending Act," which gives rise to federal question jurisdiction. See Dkt. #1 ,¶ 1. While this is debatable (the complaint mentions TILA, but does not assert a claim that specifically relies on TILA), the fact remains that the first complaint contains a nearly identical reference to TILA. Compare Holland Decl., ex. 1, ¶ 16 (original complaint), *and* ex. 2, ¶ 16 (amended complaint). If one assumes that Defendant is correct that the amended complaint is removable on federal question grounds, then the original complaint must have been similarly removable. Therefore, because Defendant never sought to remove the original complaint within the statutory 30-day window, it has waived its opportunity. Removal is therefore improper and this case is REMANDED to state court.

Plaintiff's motion for sanctions is DENIED. While removal is improper, Plaintiff fails to justify an award of sanctions. Cf. Britton v. Rolls Royce Engine Servs., No. 05-1057, 2005 WL 1562855 (N.D. Cal. June 30, 2005).

**IT IS SO ORDERED.**

Dated: August 3, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE